FILED
 2006 May-23  PM 04:02
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| **STEWART LUBRICANTS &** ) | |
| **SERVICE COMPANY, INC., and** ) | |
| **SLS WEST, INC.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| v. ) | **2:00-CV-2845-VEH** |
| ) | |
| **CASTROL INDUSTRIAL** ) | |
| **NORTH AMERICA, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

### Memorandum Opinion and Order

This matter comes before the Court on Plaintiff's (hereinafter "SLS") Motion for Reconsideration (doc. 198)[1] of the Court's December 15, 2004, Order (hereinafter "Order") finding that: (1) the parties' agreement that Castrol would guarantee continued supply of product to SLS for certain customers after the termination of the Distributorship Agreement, "did not create a contract between SLS and Castrol" and (2) "[b]ecause the November 12, 1999 letter did not create a contract between SLS and Castrol, Castrol had no obligation to sell products to SLS after March 31, 2000." After consideration of the standards governing a motion for reconsideration as

---

[1] Embedded in its brief in opposition to Castrol's most recent motion for summary judgment was a request made by SLS calling for a reconsideration of the Court's decision of December 15, 2004 granting in part Castrol's Motion for Summary Judgment.

applied to the present motion, the Court concludes that SLS's motion is unsupported and is due to be **DENIED**.

## Summary of the Case

This case arises out of an April 1, 1996 Distributorship Agreement between SLS and Castrol. The relevant facts and history are set out in the Order and will not be repeated.

## Standard of Review

A district court has plenary power over an interlocutory order and the power to reconsider, revise, alter, or amend it. *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1315 (11th Cir. 2000) (citations and internal quotations omitted).

In the interests of finality and conservation of scarce judicial resources, reconsideration of an order is an extraordinary remedy and is employed sparingly. *See, e.g., Spellman v. Haley*, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2004) ("litigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling"); *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003); *Pennsylvania Ins. Guar. Ass'n v. Trabosh*, 812 F. Supp. 522, 524 (E.D. Pa. 1992). As a general rule, "[a] motion to reconsider is only available when a party presents the court with (1) evidence of an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or manifest

injustice." *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D.Ala. 2003).

It is well established that "[a]dditional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." *See, e.g., Rossi v. Troy State University*, 330 F. Supp. 2d 1240, 1249 (M.D. Ala. 2002) (denying motion to reconsider where plaintiff failed to submit evidence in question prior to entry of order and failed to show good cause why he could not have done so). Furthermore, the Eleventh Circuit has explicitly stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004) (relying on *Mays* to deny motion to reconsider where movant advanced several new arguments); *Coppage v. U.S. Postal Service*, 129 F. Supp. 2d 1378, 1379-81 (M.D. Ga. 2001) (similar); *Richards v. United States*, 67 F. Supp. 2d 1321,1322 (M.D.Ala. 1999) (same).

Notwithstanding these limitations, reconsideration is appropriate to correct manifest errors of law or fact. *See* Fed.R.Civ.P.60(b); *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or

to present newly discovered evidence."); *Summit Medical Center of Alabama, Inc. v. Riley*, 284 F.Supp.2d 1350, 1355 (M.D. Ala. 2003) ("A motion to reconsider is only available when a party presents the court with evidence of an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or manifest injustice."). The grant or denial of a motion to reconsider is left to the discretion of the district court. *See Chapman v. AI Transport*, 229 F.3d 1012, 1023-24 (11th Cir. 2000).

## **Analysis**

In its response to Castrol's motion for summary judgment, SLS contemporaneously filed a Motion to Reconsider. SLS requested that the Court reconsider its December Order finding that the parties' agreement that Castrol would guarantee continued supply of product to SLS for certain customers after the termination of the Distributorship Agreement, "did not create a contract between SLS and Castrol" and that "[b]ecause the November 12, 1999 letter did not create a contract between SLS and Castrol, Castrol had no obligation to sell products to SLS after March 31, 2000." However, SLS has failed to provide the Court with evidence pertaining to any of the three aforementioned circumstances required to grant a

motion for consideration.[2]

Notwithstanding the interesting argument SLS set forth pertaining to oral modifications of written contracts, the Court would be remiss if it did not question the availability of controlling authority at the time the original motion for summary judgment was filed. As stated above, the Eleventh Circuit has explicitly stated that "a motion to reconsider should not be used by the parties to set forth new theories of law." *Mays v. U.S. Postal Service*, 122 F.3d 43, 46 (11th Cir. 1997); *see also Russell Petroleum Corp. v. Environ Products, Inc.*, 333 F. Supp. 2d 1228, 1234 (M.D. Ala. 2004). The law of contracts, including the modification of contracts, is well established law. SLS may not, in its current motion, assert a novel argument with the supporting authority of well established law.

Moreover, although SLS has provided the Court with a deposition to support its argument that the Court should reconsider its Order finding that Castrol did not fail to supply product to SLS during the term of the Agreement, SLS has failed to show good cause as to why the evidence that was evidently available in February of 2005 was not available in December of 2004. SLS has failed to provide the Court with any basis to suggest that the evidence was unavailable when SLS responded to

---

[2] The Court granted a supplemental period of discovery for the parties to take discovery pertaining to SLS's calculation of damages; discovery was not re-opened for the parties to reargue issues with evidence and arguments that should have been raised in the first instance.

the original motion for summary judgment involving the same claim.

Finally, SLS has failed to illustrate any manifest errors of law or fact to precipitate granting the relief it has sought.

Based on the foregoing reasons, SLS's Motion for Reconsideration of the December Order is hereby **DENIED**.

**DONE** and **ORDERED** this 23rd day of May, 2006.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge